United States District Court
Southern District of Iowa
Central Division

Thomas D. Overton,　　　　　4:20-cv-00150-RGE-HCA
　　Plaintiff,

v.

Demitri Wheeler,
　　Defendant.

Brief In Support of Opposition To Summary Judgment; Memo of Law

## Legal Analysis "Memo of Law"

A Plaintiff resisting summary judgment "may not rest upon the mere allegations or denials of his pleadings, but... must set forth specific facts showing that there is a genuine for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment. Liberty Lobby, 477 U.S. at 256-57; also Matthews v. Koechle, 4:17-cv-00190-RGE-HCA, 2018 WL 10580739 (S.D. Iowa Dec. 4, 2018). (all relevant case law)

1.

Plaintiff has sued in ~~their~~ official and individual capacities. The Court must apply the qualified immunity in determining whether this case may be summarily dismissed. Qualified immunity "protects the officials from civil monetary liability, unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sisney v. Reich, 674 F.3d 839 (8th Cir. 2012).

### Clearly Established Right

A clearly established right or constitutional rights are rights which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Mitchell v. Forsyth, 472 U.S. 511 (1985).

Qualified immunity is two-fold (1) do the alleged facts show the officer's conduct violate a constitutional right; (2) whether the right was clear in that it would been clear to a reasonable officer that the conduct was unlawful in the situation he confronted. Saucier v. Katz, 533 U.S. 194 (2001).

The U.S. Supreme Court has limited liability for excessive force to situations in which the use of force was the result of an unintentional and knowing act (though the Supreme Court leaves open the possibility including a "reckless" act as well. Additionally, an officer enjoys qualified immunity and is not liable for excessive force unless he has violated a clearly establish, such that it would have been clear to a reasonable officer that conduct was unlawful in the situation he confronted. It is unlikely (though theoretically possible) that a plaintiff could overcome these hurdles where an officer acted in good faith. Justice Breyer, joined by Kennedy, Ginsberg, Sotomayor, and Kagan JJ. *Kingsley v. Hendrickson*, 192 L. Ed. 2d 420.

Running a prison or a jail is an inordinately difficult undertaking. The safety and order at these institutions requires expertise of officials who must have substantial discretion to devise reasonable solutions to the problems they face. Officers facing disturbances are often forced to make split-second judgment — in circumstances

3.

that are tense, uncertain and rapidly evolving. For these reasons, the Supreme Court has stressed that courts must judge reasonableness of the force used from the perspective and with the knowledge of the defendant officer. A court must take into account of the legitimate interests in managing a jail, acknowledging as part of the objective reasonableness analysis that deference to policies and practices needed to maintain order and institutional security is appropriate. Id.

A clearly established right requires that "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731 (2011).

## Whether A Pretrial Detainees' Due Process Rights Violated When "The Force Purposely Or Knowing Used Against [IS] Objectively Unreasonable."

4

In *Kingsley v. Hendrickson*, existing hold precedent did place the statutory and constitutional question beyond debate. See *Ashcroft v. al Kidd*, 563 U.S. 731 (2011). Kingsley stated: "Pre-trial detainees due process right are violated when the forced purposely or knowing used against is objectively unreasonably. Nothing further said.

Respectfully Submitted,
T.

Pursuant to 28 U.S.C. 1746, I declare that the foregoing is true and correct.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the foregoing is true and correct.

T.
Thomas D. Overton

March 4, 2021

Thomas D. Overton
#18455-030
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

To the Chamber of

_____ARED BY U.S.M.S. ____

RECEIVED
MAR - 8 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

PEORIA IL 616
04 MAR 2021 PM 2 T



Rebecca G. Ebinger
Chief Judge
U.S. District Court
123 E. Walnut Street
Des Moines, Iowa
50309

5G3083035